J. Irwin Shapiro, J.
This is a motion by the defendant Pinkerton’s National Detective Agency, Inc. “ fo.r a protective order to vacate said Notice of Discovery and Inspection upon *89 the ground that said Notice is objectionable to the defendant, Pinkerton’s National Detective Agency, Inc., in that said Notice is improper ’ ’.
Simultaneously, by cross motion, the defendant New York World’s Fair 1964-65 Corp. seeks the identical relief and the defendant General Electric Company joins in the application by way of affidavit in support.
This is a wrongful death action and it is brought by the plaintiff, individually and as administrator of the estate of Agnes Dahl, deceased.
The notice for discovery and inspection dated September 21, 1965 seeks to compel the defendants to 1‘ produce signed photostatic copies of the statement taken of mrs. katherine kellerman, being a beneficiary and next-of-kin in the estate of agnes dahl, deceased, and being an interested party. Said statement of mrs. katherine kellerman was taken on or about October 21st, 1964 by mb. Robert r. spina of the continental insurance company in relation to the accident of October 12th, 1964 ”.
In seeking a protective order to vacate plaintiff’s notice to discover, the defendants adopt as a common basis the following contentions:
“ That said Notice for Discovery and Inspection is objectionable because the plaintiff’s attorney has filed a Statement of Eeadiness thereby waiving his right to any further discovery proceedings.
“That said Notice is also objectionable because it requires the production of a statement of a person not a party to this litigation. ’ ’
Although the court is reluctant to entertain a discovery application áfter the filing of a statement of readiness, the plaintiff shows good cause for permitting him presently to proceed with discovery. In addition, there has only been a short period of delay since plaintiff moved to discover within one month after the filing of the statement of readiness. (Cf. Dillon v. Moore, 16 A D 2d 672.)
The courts are tending more and more to an extension of pretrial disclosures in an effort to expedite trials and to aid in the due administration of justice. Thus, in Wilhelm v. Abel (1 A D 2d 55) the court permitted the discovery of a written statement taken by a representative of the defendant’s insurance carrier from the plaintiff although there was no showing of special circumstances. Said the court (pp. 56-57): “By the same token we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, *90 should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application ■ be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.”
Following, and citing the Wilhelm case with approval, the Appellate Division, First Department, in Totoritus v. Stefan (6 A D 2d 123, 124, 125) said: “ The statement was obtained from plaintiff before the action was commenced and before plaintiff was represented by counsel, and in the absence of counsel or legal advise. He was not given a copy of the statement he signed. Under the circumstances, copies .of the statement should be made available to plaintiff. * * • * This holding is consonant with the policy of broadening pretrial discovery. It is also suggested by the danger and unfairness which frequently occur in the talcing of statements from laymen by laymen in the absence of counsel or legal advice. This is aggravated when a copy of the statement is not given the maker.”
In the case of Levey v. Hemme (7 A D 2d 646), the court allowed plaintiff to discover and inspect copies of statements in the possession of the defendants which were obtained from the infant plaintiff.
In the case at bar, the plaintiff (administrator) seeks to have the defendants produce a copy of the statement taken by them from Mrs. Katherine Kellerman, one of the three surviving heirs-at-law of the deceased, Agnes Dahl. Though Mrs. Keller-man’s name nowhere appears in the title of the action, she is in truth and in fact a party plaintiff, for part of the proceeds of this death action will be hers if the plaintiff administrator is successful in obtaining a recovery herein.
The case of Urbina v. McLain (4 A D 2d 589) is, therefore, inapposite for there the denial was .predicated on the fact that the statement sought to be discovered was that of a witness and not of a party.
Kealistically viewed, Mrs. Kellerman is. a party in interest in this litigation. If she testified, the trial court would be .obligated to charge that she is an interested witness because of her financial stake in the outcome. In this sense, she is as much a plaintiff as were the parties involved in Wilhelm, Totoritus and Levey cases (supra).
Under the circumstances, and in furtherance of what I consider to be the true requirements of honorable dealings between the parties, the motion for a protective order is in all respects denied.